

**SO ORDERED**

The moving party is hereby ORDERED to provide a copy of this Order to any pro se parties who have entered an appearance in this action within 10 days from the date of this order.



**Dennis J. Hall
Jefferson District Court Judge**
DATE OF ORDER INDICATED ON ATTACHMENT

| | |
|---|---|
| **District Court, County of Jefferson, State of Colorado**<br>**Court Address:** 100 Jefferson County Parkway<br>Golden, Colorado 80401<br>Telephone: (303) 271-6145 | **EFILED Document**<br>**CO Jefferson County District Court 1st JD**<br>**Filing Date: Dec 30 2010 12:09PM MST**<br>**Filing ID: 35123963**<br>**Review Clerk: Beth B** |
| **Plaintiff:** DENNIS W. KING, Colorado resident and U.S. Bankruptcy Trustee for bankrupt SHERI L. LAUK, a Colorado resident.<br><br>**Defendants:** ALLSTATE INSURANCE COMPANY, a foreign corporation, and CHRIS WITTE, a Colorado resident. | ▲ **COURT USE ONLY** ▲ |
| Attorneys for Plaintiffs<br>Mark A. Gould, #35461<br>The Law Office of Mark A. Gould, P.C.<br>The Schleier Mansion<br>1665 Grant St., First Floor<br>Denver, Colorado 80203<br>Phone: (303) 832-2393<br>Facsimile: (303) 832-2394<br>E-mail: mark@markgouldlaw.com<br><br>Attorneys for Defendants<br>Terence M. Ridley, #15212<br>Carolyn J. Fairless, #30214<br>Evan B. Stephenson, #37183<br>Wheeler Trigg O'Donnell LLP<br>1801 California Street, Suite 3600<br>Denver, Colorado 80202<br>Phone: (303) 244-1800<br>Facsimile: (303) 244-1879<br>E-mail: ridley@wtotrial.com<br>fairless@wtotrial.com<br>stephenson@wtotrial.com | Case No.: 10CV5074<br><br>Division: 5 |
| **STIPULATION OF THE PARTIES** | |

**COMES NOW**, the above parties, who together, hereby enter into the following Stipulation As To the Dismissal of Chris Witte as a Defendant based upon certain agreements, and ask the same be adopted by this Court as an Order thereof, and state:

1. The parties agree that Defendant Chris Witte will be dismissed from this case, without prejudice, based upon the following agreements:

    a. Defendant Allstate Insurance Company will not designate Mr. Witte as a non-party at fault and will not raise any defenses or present any argument at trial, directly or indirectly, asserting Mr. Witte was negligent.

    b. Allstate agrees that, if the Court permits a jury instruction on Mr. Witte's alleged legal malpractice, negligence, or any other wrongful acts, the jury also will be instructed that, to the extent Mr. Witte committed legal malpractice, negligence or any other wrongful acts, for purposes of this case, the parties have agreed those acts will be deemed the acts of Allstate.

    c. Allstate and Chris Witte will provide any and all discovery that could properly have been sought by Plaintiff from Mr. Witte had Mr. Witte remained a party in this case, including, but not limited to:

        i. His file, electronic or otherwise, relating to the underlying claim brought against Sheri Lauk by Scott Martin (the "Underlying Claim");

        ii. E-mail correspondence relating to the Underlying Claim;

        iii. Internal memorandums relating to the Underlying Claim;

        iv. Internal correspondence relating to the Underlying Claim;

        v. Telephone messages or recordings relating to the Underlying Claim;

        vi. His calendar relating to the Underlying Claim;

        vii. Communications of any kind related to the Underlying Claim, including communications between Witte and Allstate relating to the Underlying Claim;

        viii. Making him available for a deposition as though he was a party;

      ix.      Providing responses to discovery requests from Mr. Witte as though he were a party;

      x.      Communications between Witte and Brad Tucker, Karla Cosgrove, and other insurance adjusters and attorneys relating to the Underlying Claim; and,

      xi.      Any other materials related to discovery that is reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

Nothing in this provision shall prevent Allstate or Mr. Witte from asserting any privileges, or making any objections, that could properly have been asserted or made had Mr. Witte remained a party in this case.

2. Plaintiff can amend his Complaint, without objections based on waiver or lack of timeliness, to include Mr. Witte as a defendant, 90 days prior to service of Plaintiff's C.R.C.P. 26(a)(2) Expert Disclosures;

3. If the Court accepts this stipulation and makes it an order of the Court, Plaintiff's Third Claim for Relief (civil conspiracy against Allstate and Witte) will be deemed to have been dismissed without prejudice, and Mr. Witte will be deemed to have been dismissed as a defendant from this case without prejudice.

WHEREFORE, in recognition of the above agreement and stipulation, the parties hereby request, together, that this Court adopt the same and make this Stipulation an Order of the Court in this matter.

Respectfully submitted this ___ day of December, 2010.

| s/ Mark A. Gould | s/ Terence M. Ridley |
|---|---|
| **Attorneys for Plaintiff** | **Attorneys for Defendants** |
| Mark A. Gould, #35461 | Terence M. Ridley, #15212 |
| Richard H. Friedman (Admitted *Pro Hac Vice*) | Carolyn J. Fairless, #30214 |
| The Law Office of Mark A. Gould, P.C. | Evan B. Stephenson, #37183 |
| The Schleier Mansion | Wheeler Trigg O'Donnell LLP |
| 1665 Grant St., First Floor | 1801 California Street, Suite 3600 |
| Denver, Colorado 80203 | Denver, Colorado 80202 |
| Phone: (303) 832-2393 | Telephone: (303) 244-1800 |
| Fax: (303) 832-2394 | Fax: (303) 244-1879 |
| E-mail: mark@markgouldlaw.com | E-mail: ridley@wtotrial.com |
| | fairless@wtotrial.com |
| | stephenson@wtotrial.com |

SO ORDERED this ___ day of _____, 2010

_____
District Court Judge

This document constitutes a ruling of the court and should be treated as such.

| | |
|---:|:---|
| **Court:** | CO Jefferson County District Court 1st JD |
| **Judge:** | Dennis J Hall |
| **Alternate Judge:** | Unassigned |
| **File & Serve Transaction ID:** | 35026599 |
| **Current Date:** | Dec 30, 2010 |
| **Case Number:** | 2010CV5074 |
| **Case Name:** | KING, DENNIS W vs. ALLSTATE INSURANCE COMPANY et al |
| **Court Authorizer:** | Dennis J Hall |

**/s/ Judge Dennis J Hall**