IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00103-WJM-BNB

DENNIS W. KING, Colorado resident and U.S. Bankruptcy Trustee for bankrupt SHERI L. LAUK, a Colorado resident,

Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, a foreign corporation,

Defendant.

_____

**ORDER**
_____

This matter arises on the following:

(1)    **Defendant Allstate Insurance Company's Motion to Compel Further Responses to Defendant's First Set of Discovery Requests** [Doc. # 53, filed 9/9/2011] (the "Motion to Compel Discovery"); and

(2)    **Defendant Allstate Insurance Company's Motion to Compel Compliance With Its Subpoena *Duces Tecum* to Plaintiff's Retained Witness, Stephen Prater** [Doc. # 56, filed 9/16/2011] (the "Motion to Compel Compliance").

I held a hearing on the motions on September 28, 2011, and made rulings on the record, which are incorporated here.

With respect to the Motion to Compel Discovery, I find that the plaintiff, the U.S. Bankruptcy Trustee (the "Trustee"), is responsible for making a reasonable, good faith, and thorough inquiry of those people and entities under his control when answering interrogatories and responding to production requests. Specifically, I find that the Trustee is imputed to have

the knowledge possessed by the law firm of Friedman/Rubin and its individual lawyers who are or were involved in this action or the underlying action;[1] Richard H. Friedman; Richard Kaudy; and Mark A. Gould.  In addition, I find that the Trustee has possession, custody, or control of documents residing in the files of the law firm of Friedman/Rubin and its individual lawyers who are or were involved in this action or the underlying action; Richard H. Friedman; Richard Kaudy; and Mark A. Gould.

IT IS ORDERED:

(1)     The Motion to Compel Discovery [Doc. # 53] is GRANTED IN PART and DENIED IN PART as follows:

• GRANTED to require full and complete answers to Interrogatories 7, 9, 10 and 12;

• GRANTED to require production of all non-privileged documents responsive to Production Requests 3, 8, and 10; and

• DENIED as moot with respect to Interrogatories 4, 6, and 11, and with respect to Production Requests 4 and 9.

(2)     The plaintiff shall make supplemental discovery responses and produce all responsive documents, consistent with this Order and in full compliance with the formalities of the Federal Rules of Civil Procedure, on or before October 12, 2011.

(3)     The Motion to Compel Compliance [Doc. # 56] is DENIED.

---

[1] The underlying action was Martin v. Lauk, Case No. 08 CV 4546 in the District Court, County of Jefferson, State of Colorado

Dated September 29, 2011.

BY THE COURT:

  s/ Boyd N. Boland
United States Magistrate Judge