**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-00103-WJM-BNB

DENNIS W. KING, a Colorado resident and U.S. Bankruptcy Trustee for bankrupt SHERI L. LAUK, a Colorado resident,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, a foreign corporation,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff Dennis King brings this action as bankruptcy trustee for Sheri Lauk against Allstate Insurance Company ("Defendant" or "Allstate") arising out of the manner in which Allstate handled a personal injury claim brought against Lauk following an auto accident. (ECF No. 79.) Before the Court are the following motions: (1) Plaintiff's Motion for Partial Summary Judgment (ECF No. 88); (2) Defendant's Motion for Summary Judgment (ECF No. 108); Plaintiff's Request for Oral Argument re: Motion for Partial Summary Judgment—Measure of Damages (ECF No. 120); and (4) Defendant's Motion to Strike (ECF No. 140).

### I. LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem*

*Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II. FACTUAL BACKGROUND

A brief summary of the relevant facts is set forth below.

Plaintiff Dennis King is the trustee for the bankruptcy estate of Sheri Lauk. (Def.'s SOF[1] ¶ 1.) Ms. Lauk was insured under a policy with Defendant Allstate which had a policy limit of $1000,000 for bodily injury. (*Id*. ¶ 2.) Allstate's policy with Lauk gave it the right to settle claims, defend lawsuits, and pursue appeals of judgments

---

[1] The Court uses the acronym "SOF" to refer to the Statement of Material Facts contained in either the Defendant's Motion for Summary Judgment or the Plaintiff's Opposition to the Motion for Summary Judgment. The Court will endeavor to refer to undisputed facts. However, when there is a factual dispute, it will view the facts in the light most favorable to the non-movant.

against her. (ECF No. 88 at 3.)

On August 24, 2008, Sheri Lauk was traveling at a rate of approximately 60 miles per hour when she hit the back of Scott Martin's stopped vehicle. (*Id*. ¶ 5; Pl.'s Resp. ¶ 5.) The force of the collision caused Mr. Martin's car to travel approximately 167 feet and across two lanes of traffic. (*Id*.) Both cars were considered a complete loss due to the accident. (*Id*.) The day after the accident, Allstate determined that its insured, Ms. Lauk, was 100% at fault for the accident. (ECF No. 88 at 3.)

Scott and Elizabeth Martin hired attorney Richard Kaudy to represent them with respect to the accident. (Def.'s SOF ¶ 7.) On September 4, 2008, Mr. Kaudy sent Allstate a letter in which the Martins offered to agree to release all claims against Lauk in exchange for the payment of the $100,000 policy limit. (*Id*. ¶ 9.) The Martins' settlement offer was good for thirty days. (*Id*.) Allstate received an extension on the settlement offer but ultimately rejected the offer on October 6, 2008. (Pl.'s SOF ¶ 13.)

On October 20, 2008, the Martins brought suit against Ms. Lauk for the injuries they suffered as a result of the accident (the "Underlying Action"). (Def.'s SOF ¶ 7.) Allstate assigned one of its attorneys to represent Lauk in this action. (*Id*. ¶ 8.) The original litigation plan called for deposing Mr. Martin, obtaining an independent medical examination, and hiring a certified public accountant to evaluate Mr. Martin's lost wages claim. (ECF No. 88 at 4.)

The Martins periodically provided additional information regarding Mr. Martin's injuries as well as the effect such injuries were having on his earning capacity as a self-employed individual both to Allstate directly and to the attorney Allstate hired to

represent Ms. Lauk in the Underlying Action. (Pl.'s SOF ¶¶ 5-8, 15, 19.) Amongst other things, the information provided by the Martins showed that Mr. Martin had earnings of over $100,000 in 2006 and 2007. (*Id.* ¶ 8.) The medical records showed that Mr. Martin was having residual issues from his brain contusion that were interfering with his ability to run his own business. (Pl.'s SOF 5, 15, 24.) Despite receiving some of this information as early as October 2008, Allstate made no attempt to consult with a medical professional or to obtain an independent medical examination until sometime after May 21, 2009. (*Id.* ¶¶ 30-31.) It also neglected to take any depositions or hire an economist or accountant until after May 21, 2009. (*Id.* ¶¶ 30, 33.)

The Martins remained willing to settle the Underlying Action for policy limits until sometime in February or March 2009. (Def.'s SOF ¶ 17.) On April 27, 2009, Mr. Martin learned that he was permanently disabled due to his brain injury from the accident, which confirmed their belief that their claims were worth more than $100,000. (Pl.'s SOF ¶ 33.)

On May 21, 2009, Allstate made its first settlement offer to the Martins; it offered to settle their claims for the $100,000 policy limit. (Def.'s SOF ¶ 36.) The Martins did not accept this offer. The case went to trial in October 2009 and the jury awarded the Martins $3,087,500.00. (ECF No. 88 at 5.) Judgment was entered against Ms. Lauk on October 30, 2009. (*Id.*) Ms. Lauk declared bankruptcy and her claim against Allstate was the only significant asset in her bankruptcy estate.

Based on these facts, Plaintiff alleges that Allstate violated its duty of good faith and fair dealing to its insured, Ms. Lauk.

## III.  ANALYSIS

In the operative pleading, Plaintiff's Sixth Amended Complaint, Plaintiff brings the following claims: (1) breach of contract; (2) bad faith; (3) negligence; and (4) a request for exemplary damages.  (ECF No. 79.)  Defendant moves for summary judgment on all of these claims.  (ECF No. 108.)  Plaintiff moves for summary judgment as to the measure of damages on its breach of contract and bad faith claims.  (ECF No. 88.)  Before addressing the substantive aspects of these Motions, the Court will take care of a number of housekeeping matters.

Initially, the Court notes that Plaintiff does not oppose summary judgment on his negligence claim.  (ECF No. 119 at 1.)  Accordingly, the Court finds that Plaintiff has abandoned his negligence claim and judgment will be entered in favor of Defendant on this claim.

Plaintiff has filed a motion requesting oral argument on his Motion for Partial Summary Judgment.  (ECF No. 120.)  As set forth below, the Court has decided the Motion for Partial Summary Judgment on the papers and, therefore, oral argument is unnecessary.  Accordingly, Plaintiff's request for oral argument is denied as moot.

Finally, Defendant moves to strike the affidavit of Stephen D. Prater filed by Plaintiff in support of his opposition to Defendant's Motion for Summary Judgment. (ECF No. 140.)  The Court finds it unnecessary to rely on Mr. Prater's affidavit to resolve the Motion for Summary Judgment.  *See Thompson v. State Farm Fire & Cas. Co.*, 34 F.3d 932, 939 (10th Cir. 1994) (expert testimony on bad faith not necessary as finder of fact can determine reasonableness of an insurer's actions based on his/her own common sense and experience).  Because the Court will not consider Mr. Parter's

affidavit when ruling on Defendant's Motion for Summary Judgment, the Court finds that Defendant has received the relief sought in the Motion to Strike, and such Motion is also denied as moot.

The Court will now address the remaining issues raised in Defendant's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment.

**A.     Defendant's Motion for Summary Judgment**

Plaintiff's remaining claims allege that Defendant breached the duty of good faith and fair dealing that it owed to Ms. Lauk through the manner in which it handled the Martins' claim, most relevantly, by failing to settle the Underlying Action.  (ECF No. 79 at 26.)  For a third-party bad faith claim such as this, the Colorado Supreme Court has stated that the proper inquiry is "would a reasonable insurer under the circumstances have denied or delayed payment of the claim under the same facts and circumstances." *Farmers Group, Inc. v. Trimble*, 691 P.2d 1138, 1142 (Colo. 1984).  Thus, the touchstone of Plaintiff's breach of contract and bad faiths claims is reasonableness. *Brewer v. Am. and Foreign Ins. Co.*, 837 P.2d 236, 238 (Colo. App. 1992) ("The test for an insurer's duty for good faith and fair dealing with its insured is one of reasonableness under the circumstances.").

Defendant argues that summary judgment is appropriate on Plaintiff's claims because its handling of the Martins' claims against Lauk was "more than reasonable". (ECF No. 108 at 14.)  From the evidence before it, the Court concludes that a juror could agree with Defendant and find that its actions were reasonable.  However, there is also significant evidence in the record upon which a juror could rely to conclude quite to the contrary.

For example, Allstate attributed 100% fault to its insured the day after the accident and knew that the accident was serious enough that both cars were totaled. (ECF No. 89-1.) Shortly after the accident, and before the expiration of Mr. Kaudy's offer to settle the Martins' claims for the $100,000 policy limit, Allstate received information showing that Mr. Martin had suffered a traumatic brain injury as a result of the accident and that, before the accident, he was self-employed with a six-figure earning capacity. (ECF No. 63-2 at 4, 14, 119-3.) While this is only a smattering of the evidence in the record, the Court finds that a reasonable juror could consider this evidence and find that it was unreasonable for Allstate to reject the policy limits offer.

"What constitutes reasonableness under the circumstances is ordinarily a question of fact for the jury." *Vaccaro v. Am. Family Ins. Group*, 275 P.3d 750, 759 (Colo. App. 2012). Having reviewed the record, the Court finds that there is a genuine dispute of fact as to whether Defendant acted reasonably in the manner in which it handled the Martins' claims against Ms. Lauk. Stated differently, the Court is not prepared to hold, as a matter of law based on the papers before it, that Allstate's actions in handling the claim were reasonable. Accordingly, Defendant's Motion for Summary Judgment is denied as to Plaintiff's breach of contract and bad faith claims.

**B.     Plaintiff's Motion for Partial Summary Judgment**

Plaintiff has filed what he titles a Motion for Partial Summary Judgment seeking "an order establishing that the measure of damages suffered by the Estate if Allstate is found to have acted in bad faith is the judgment amount of $3,412,674.44 entered against Sheri Lauk." (ECF No. 88 at 11.) Plaintiff also asks the Court to "preclude Allstate from directly or indirectly litigating this issue through such means as introducing

evidence it obtained subsequent to its policy limits offer which directly or indirectly attacks the measure of damages by challenging the causation, nature, or extent of the injuries suffered by the Martins or the value of those injuries, as measured through the jury's assessment of damages in the underlying trial." (*Id.*)

The Court construes Plaintiff's Motion as seeking two separate categories of relief: (1) an order limiting the presentation of evidence at trial regarding the causation, nature, or extent of the Martins' injuries; and (2) a ruling that, as a matter of law, if the jury finds that Allstate acted in bad faith, then it must award Plaintiff the full amount of the judgment in the Underlying Action. The Court will address each of these issues in turn below.

Following a full trial on the merits, a neutral fact-finder—the jury in the Underlying Action—valued the Martins' injuries from the auto accident at $3,087,500.00. (ECF No. 89-8.) This damages award included $3,075,000 for Scott Martin ($3,000,000 for economic damages, $50,000 for non-economic damages, and $25,000 for physical impairment) and $12,500 for Elizabeth Martin's non-economic damages on her loss of consortium claim. (*Id.*) After pre-judgment interest and costs, judgment was entered against Ms. Lauk in the amount of $3,412,674.64. (ECF No. 88 at 2.)

Plaintiff argues that Allstate should not be permitted to relitigate the Underlying Action by introducing evidence regarding the cause, nature, or extent of the Martins' injuries. (ECF No. 88 at 11.) Defendant opposes this Motion and contends that it should be permitted to present evidence challenging the amount of damages awarded to the Martins.

Defendant's position is based on its contention that the jury's damage award

includes damages that cannot be recovered by Plaintiff in this action. (ECF No. 107 at 8-11.) Specifically, Defendant contends that damages for loss of consortium were not covered by the policy and, therefore, Allstate cannot in this action be responsible for the $12,500 awarded to Elizabeth Martin by the jury in the Underlying Action. (*Id*. at 10.) However, the cases cited by Defendant in support of this argument hold only that a loss of consortium claim is derivative to a bodily injury claim and, therefore, that a person with only a loss of consortium claim does not have a separate claim against a policy which would trigger a second policy limit. *See, e.g.*, *Lampton v. United Servs. Auto. Ass'n*, 835 P.2d 532, 533-34 (Colo. App. 1992). If Allstate had already paid out the policy limits on the Martins' claim and the issue here was whether Elizabeth Martin's loss of consortium claim triggered a second $100,000 maximum, then the *Lampton* case would be applicable. However, because this case involves a claim of bad faith, the policy limit issue is not in play. If the jury finds that Defendant acted in bad faith, it can award Plaintiff damages in excess of the policy limit, including the damages that were awarded to Mrs. Martin on her loss of consortium claim. *See Trimble*, 658 P.2d at 1375 (when a jury finds that an insurer committed the tort of bad faith, the insured can recover damages for all injuries actually suffered despite whatever policy limits may appear in the contract); *Spaur v. Allstate Ins. Co.*, 942 P.2d 1261 (Colo. App. 1996) (policy limits for "bodily injury" includes claims that are derivative to the injured party's claims). Therefore, Allstate is not entitled to present evidence regarding the nature and extent of the Martins' damages simply because the jury in the Underlying Action awarded Mrs. Martin $12,500 on her loss of consortium claim.

There is no doubt that Allstate had the opportunity to fully litigate the cause, nature, and amount of the Martins' damages during the underlying action. While it was not officially a party to that action, there is no dispute that, at all times, Allstate controlled Lauk's defense of the Martins' claims. As it had the right to do under the terms of Lauk's policy, Allstate assumed handling of the Martins' claims shortly after the accident. Allstate initially assigned one of its own in-house attorneys to act as counsel for Ms. Lauk and later retained outside counsel for her. (ECF No. 88 at 4.) Therefore, the Court finds that Allstate should not be permitted to relitigate any issue related to the nature, cause, or extent of the Martins' injuries. The jury's finding in the Underlying Action on the amount of damages that the Martins suffered will govern that issue in this case.

However, the Court will not rule as a matter of law that, if the jury finds that Allstate acted in bad faith then Plaintiff is entitled to damages in the amount of the judgment in the Underlying Action. Plaintiff bears the burden of establishing all prongs of his claims, including damages. *Miller v. Byrne*, 916 P.2d 566, 572 (Colo. App. 1995) (holding that a plaintiff must prove by preponderance of the evidence that defendant's unreasonable or position was a cause of the plaintiff's damages); *see also* CJI-Civ.3d 25:1. In a bad faith case, the Colorado courts have held that "the question whether particular damages have been caused by a party's wrongful acts is generally a question of fact." *Bernhard v. Farmers Ins. Exch.*, 885 P.2d 265, 270 (Colo. App. 1994) (insurer not responsible for any damages not caused by its bad faith). Thus, the Court finds that the amount of damages to be awarded to Plaintiff is properly resolved by the jury. The parties should keep this ruling in mind when submitting proposed jury instructions,

especially regarding causation and damages.

Accordingly, Plaintiff's Motion for Partial Summary Judgment is granted in part and denied in part. The Court will not permit Allstate to relitigate the nature, cause, or extent of the Martins' injuries as that figure was determined by the jury in the Underlying Action. However, the Court declines to determine as a matter of law that, should the jury find that Allstate acted in bad faith, Plaintiff is entitled to judgment in the amount of the judgment in the Underlying Action. After presentation of all of the evidence at trial, the jury selected to sit as the finder of fact in this case will make any damages award it finds appropriate.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Request for Oral Argument re: Motion for Partial Summary Judgment—Measure of Damages (ECF No. 120) is DENIED;

2. Defendant's Motion to Strike Untimely Declaration of Plaintiff's Expert Stephen D. Prater (ECF No. 140) is DENIED;

3. Defendant's Motion for Summary Judgment (ECF No. 108) is DENIED; and

4. Plaintiff's Motion for Partial Summary Judgment (ECF No. 88) is GRANTED IN PART and DENIED IN PART as set forth above.

Dated this 18th day of July, 2012.

BY THE COURT:

William J. Martínez
United States District Judge