IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00103-WJM-BNB

DENNIS W. KING, Colorado resident and U.S. Bankruptcy Trustee for bankrupt SHERI L. LAUK, a Colorado resident,

      Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, a foreign corporation,

      Defendant.

---

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE*

---

      Allstate's motion *in limine* addresses four topics: 1) evidence that influenced Richard Kaudy's state of mind; 2) loss reserve information; 3) the settlement agreement between Sheri Lauk and Allstate of her personal claims against Allstate arising from the way it handled the claims asserted against her by the Martins;  and 4) what Allstate refers to as "comfort letters."

      **1) Kaudy state of mind evidence:**  As reflected in Plaintiff's *in limine* motion, he believes Richard Kaudy's state of mind is not relevant to any issue in this case.  *See* Doc. No. 202 at 6.  Nonetheless, Allstate has repeatedly attempted to justify ***its own conduct,*** based on its claim that Kaudy was attempting to set up a bad faith claim.  Exhibits 86 and 88 were disclosed in this litigation after Allstate was permitted to raise the issue of "set up" in defense of the punitive damage claim.  The Court has also ruled that Mr. Kirven may be permitted to testify concerning Kaudy's state of mind.  Doc. 204 at 7 ("Mr. Kirven will be permitted to offer his opinion about why M. Kaudy took certain actions in the underlying litigation.")  Kirven

obviously does not know why Mr. Kaudy did anything.  He is neither a percipient witness nor a

mind reader.  But if Mr. Kirven is permitted to testify as to Mr. Kaudy's state of mind, certainly

Mr. Kaudy should be permitted to do so.  Mr. Kaudy will testify that documents which are part

of Exhibit 86 are things he was aware of in his dealings with Allstate as he represented the

Martins against Ms. Lauk and that they influenced his approach to his dealings with Allstate.

Contrary to Allstate's claims in its motion, if Kaudy's state of mind is relevant because of

Allstate's claim that he was attempting to set it up for extracontractual liability, then Exhibit 86

is relevant to help rebut that claim and to support Kaudy's testimony concerning the reasons he

did what he did vis-à-vis his understanding of how Allstate would treat his clients and its

insured.  As to Exhibit 88, it is offered to the Court to assist in authenticating pages 2-52 of

Exhibit 86.  As reflected in Plaintiff's Exhibit List, Doc. 159 at 15 note 8, Exhibit 88 is offered

for foundational purposes only and is not intended to go to the jury.

As to Allstate's hearsay objection it fails on two fronts.  First, initially the documents are

not offered for the truth of the matters asserted therein, but rather for their effect on Mr. Kaudy.

Second, to the extent that pages 2-52 of Ex. 86 may be offered into evidence, Exhibit 88

establishes, that the documents are Allstate documents and fall within the confines of F.R.E.

803(6) as well as being non-hearsay admissions of a party opponent under F.R.E. 801(d)(2).

Defendant's reliance on *United States v. Joe*, 8 F.3d 1488, 1493 (10th Cir. 1993), is

misplaced.  First, Kaudy will be testifying as to his own state of mind.  That was not the situation

in *Joe,* which involved a physician testifying as to the state of mind of a hearsay declarant.

Second, the Allstate documents that are part of Exhibit 86, and which were influencing Kaudy,

are independently admissible as business records and statements of a party opponent.  Plaintiff is

not attempting to expand the present sense impression exception of Fed.R.Evid. 803(3) which was the issue with which *Joe* was concerned.  Similarly, *McCInnis v. Fairfiled Communities, Inc.,* 458 F.3d 1129, 1143 (10th Cir. 2006), was similarly concerned with an inappropriate expansion of Evidence Rule 803(3) and did not consider either other exceptions to the hearsay rule or that the emails at issue were not hearsay.  Furthermore, if Mr. Kirven testifies as to why Kaudy did certain things, then documents that are part of 86 become pertinent to the cross-examination of Mr. Kirven's opinions regarding Kaudy's conduct and Allstate's claims processes as applied to the Martin claim against Shari Lauk.

  **2)  Loss Reserve Information:**  The Court's Order at Doc. No. 204 disposes of topic 2. As the Court held there, evidence relating to loss reserves is admissible as evidence of Allstate's knowledge of its potential financial exposure.  Doc. 204 at 13.  Such evidence is relevant to the jury's determination of whether Allstate acted reasonably in light of such knowledge.

  **3)  Settlement Agreement between Lauk and Allstate:**  Plaintiff has already moved to exclude the testimony of the Lauk family.  Doc. No. 202 at 6-7.  If that motion is granted, then Plaintiff agrees that Exhibit 72 and testimony related to it is not relevant.  If, however, the Lauks are permitted to testify, then Exhibit 72 shows Allstate's financial payment to Ms. Lauk, and is therefore evidence of bias relevant to the jury's assessment of credibility.  Fed.R.Evid. 408(b).

  **4) Comfort Letter Testimony is Admissible:**  Plaintiff intends to offer testimony about the use of comfort letters, not as a matter of Colorado law, but as an industry practice.  Evidence that reasonable insurers offer comfort letters when they choose to dispute a clear liability claim, that has the potential to result in excess liability, is relevant to the jury's consideration of the reasonableness of Allstate's conduct with respect to Lauk.

For the reasons set forth above, the Court should deny Allstate's motion *in limine* with respect to topics 2 and 4 in their entirety.  If the Court permits Mr. Kirven to testify concerning Richard Kaudy's state of mind, or permits Allstate to examine Mr. Kaudy on his state of mind, then the Court should deny the motion as to topic 1.  If the Court permits the Lauks to testify, then the Court should deny the motion as to topic 3.

DATED this 9th day of August, 2013.

*/s/ Jeffrey K. Rubin*
Jeffrey K. Rubin
FRIEDMAN | RUBIN
1227 West 9th Ave., Suite 301
Anchorage, AK 99501
Ph:  907-258-0704
Fax: 907-278-6449
e-mail:  jrubin@friedmanrubin.com

## CERTIFICATE OF SERVICE

I certify that on this 9th day of August, 2013, I served a true and correct copy of **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE** via Pacer/ECF to serve:

MARK A. GOULD
The Law Office of Mark A. Gould, P.C.
The Schleier Mansion
1665 Grant Street, 1st Floor
Denver, CO   80203
mark@markgouldlaw.com

TERENCE M. RIDLEY
CAROLYN J. FAIRLESS
JOHN M. FITZPATRICK
EVAN STEPHENSON
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, CfO   80202
ridley@wtotrial.com
fairless@wtotrial.com
fitzpatrick@wtotrial.com
stephenson@wtotrial.com


/s/ Dana C. Watkins
Dana C. Watkins