**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-00103-WJM-BNB

DENNIS W. KING, Colorado resident and U.S. Bankruptcy Trustee for bankrupt SHERI L. LAUK, a Colorado resident,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, a foreign corporation,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AUGUST 9, 2013 SUPPLEMENTAL DISCLOSURE OF WILLIAM KIRVEN**

---

Before the Court is Plaintiff's Motion to Strike Defendant's August 9, 2013 Supplemental Disclosure of William Kirven ("Motion")[1]. (ECF No. 241.) For the reasons set forth below, the Motion is granted.

### I. BACKGROUND

Early in this case, Plaintiff designated Stephen Prater as his expert on insurance industry policies and practices. (ECF No. 152 at 24-25.) Defendant's expert on these issues is William Kirven. (*Id*. at 28-29.) During the discovery period, each party took the deposition of the opposing party's expert. Rebuttal expert reports were due on November 1, 2011 and all expert discovery closed on December 14, 2011. (ECF No. 25.)

---

[1] Given the timing of the Motion, particularly the fact that it was filed the day before the Final Trial Preparation Conference and seven days before trial begins, the Court has not waited on Defendant's response before ruling on the Motion.

In support of his Opposition to Defendant's Motion for Summary Judgment, Plaintiff submitted a Declaration signed by Mr. Prater and dated February 28, 2012 Declaration ("Declaration"). (ECF No. 121-1.) Defendant moved to strike this Declaration as an "impermissible attempt to bolster Prater's initial report well past the close of discovery and the expert disclosure deadlines." (ECF No. 140.) As the Court did not consider Mr. Prater's Declaration in ruling on the Motions for Summary Judgment, it denied Defendant's Motion to Strike as moot. (ECF No. 158.)

On June 11, 2013, Defendant filed a Renewed Motion to Strike the February 28, 2012 Declaration of Mr. Prater. (ECF No. 168.) On July 23, 2013, the Court denied the Motion to Strike but held that: "to minimize any prejudice to Defendant regarding any new opinions contained in the Declaration, the Court will reopen discovery for the sole purpose of allowing Defendant to reconvene Mr. Prater's deposition." (ECF No. 198 at 2.)

Defendant reconvened Mr. Prater's deposition on August 5, 2013. (ECF No. 241 at 1.) During this deposition, defense counsel showed Mr. Prater documents related to loans obtained by Mr. Martin while the underlying litigation was pending. (*Id.* at 3.) In response to counsel's questioning, Mr. Prater offered his opinions on these loans. (*Id*.)

Following Mr. Prater's August 5, 2013 deposition, Defendant sent Plaintiff a supplemental expert report from Mr. Kirven dated August 9, 2013. (ECF No. 241-1 at 2.) Mr. Kirven had apparently reviewed the same papers regarding the litigation loans obtained by Mr. Martin. To rebut Mr. Prater's testimony, Mr. Kirven opined that Allstate is not "in any way responsible for Martins' decision to take out non-recourse litigation loans; rather, those materials illustrate how Richard Kaudy pursued a manufactured

bad faith claim." (*Id.*)

## II. ANALYSIS

A decision whether to grant or deny a motion to strike lies "within the sound discretion of the district court." *Fed. Deposit Ins. Corp. v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992). As the Court has already ruled that Mr. Kirven's testimony is admissible, the instant Motion actually challenges the scope of such testimony. Specifically, the issue is whether Mr. Kirven will be allowed at trial to offer his opinions on Allstate's role in the Martins' decision to obtain loans during the course of the underlying litigation.

Plaintiff contends that Allstate should not be permitted to offer evidence of Mr. Kirven's August 9, 2013 supplemental opinions because it is untimely. (ECF No. 241 at 2-3.) The Court agrees. The Court reopened discovery "for the sole purpose of allowing Defendant to reconvene Mr. Prater's Deposition for up to four hours and inquire about any opinions contained in the February 28, 2013 Declaration." (ECF No. 198 at 2.) Mr. Prater's Declaration contained no reference to loans obtained by Mr. Martin while the underlying litigation was pending. (ECF No. 241-2.) Therefore, the Court finds that Defendant's counsel's questioning of Mr. Prater about Mr. Martin's loans was outside the scope of the Court's Order.

The only basis offered by Defendant in support of Mr. Kirven's August 9, 2013 opinion was to rebut Mr. Prater's August 5, 2013 opinion. As the Court finds that Mr. Prater should not have been questioned about the loans during his reconvened deposition, it will exclude any such testimony. Additionally, without Mr. Prater's opinions on the loans, there is no need for Mr. Kirven to rebut any such testimony. The

3

Court will not permit Defendant to manufacture the need to submit Mr. Kirven's rebuttal expert report by going outside the scope of the Court's order reopening discovery.

Trial of this case is set to begin in seven days. At this point, the Court cannot permit the parties to continue to develop their expert testimony. As Mr. Prater did not opine about Mr. Martin's loans in his February 28, 2013 Declaration, this topic was outside of the scope of the reopening of discovery. As such, the Court will not permit either party to elicit testimony from Mr. Prater or Mr. Kirven on this subject at the trial. *See Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636 (D. Kan. 2001) (court may exclude supplemental or rebuttal expert testimony that is untimely); Fed. R. Civ. P. 37(c).

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Strike Defendant's August 9, 2013 Supplemental Disclosure of William Kirven (ECF No. 241) is GRANTED. At trial, neither Mr. Kirven nor Mr. Prater will be permitted to offer any opinion with regard to the decision made by Mr. Martin to obtain financing loans during the pendency of the underlying litigation.

Dated this 19th day of August, 2013.

BY THE COURT:

William J. Martinez
United States District Judge