**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-00103-WJM-BNB

DENNIS W. KING, Colorado resident and U.S. Bankruptcy Trustee for bankrupt SHERI L. LAUK, a Colorado resident,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, a foreign corporation,

    Defendant.

## ORDER GRANTING IN PART PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

Before the Court is Plaintiff's Requests for Judicial Notice and Instructions Thereon ("Motion"). (ECF No. 218.) Plaintiff asks the Court to take judicial notice of two facts: (1) that Scott and Elizabeth Martin suffered $3,087,500 in damages as a result of the accident between Mr. Martin and Sherri Lauk; and (2) that the excess amount of the judgment against Ms. Lauk at the time she filed bankruptcy was $3,337,919.10. (*Id.*) Plaintiff also provides proposed instructions for the Court to give to the jury. (ECF No. 218-2.)

On October 20, 2009, a jury returned a verdict in favor of Scott and Elizabeth Martin and against Sherri Lauk in the amount of $3,087,500. (ECF No. 240-1.) Defendant apparently has no objection to the Court taking judicial notice of this judgment. (ECF No. 240.) As this is a public document, the Court has little difficulty concluding that it is permitted to do so and will take judicial notice of the fact that the jury in the underlying action determined the Martins' damages to be $3,087,500.

With respect to the amount owed by Sherri Lauk on the judgment, the parties dispute whether judicial notice is appropriate and, even if it is, what amount is owed. The judgment entered October 30, 2009 awarded the Martins the amount of the verdict, plus "pre-judgment and post-judgment interest and costs as provided by C.R.C.P. 121, § 1-22, by Colorado statute and under controlling Colorado law." (*Id.*)  On June 6, 2010, the Martins were awarded costs in the amount of $128,073.14.  (ECF No. 240-7.) Sherri Lauk declared bankruptcy on November 20, 2009.  (ECF No. 218-1.)

Federal Rule of Evidence 201 provides that the Court may judicially notice a fact that is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Defendant argues that the only number the Court can take judicial notice of is the monetary number included in the judgment—$3,087,500—and that the Court cannot include any amount awarded for interest or costs in any fact which is judicially noticed. (ECF No. 240 at 3-4.)  The Court disagrees.  The rate of pre-judgment and post-judgment interest are set by statute and, therefore, the amount of interest owed on the judgment can be readily determined from a source whose accuracy is not in dispute. Similarly, the amount of costs awarded by the Jefferson County District Court is set forth in an Order issued by that court.  (ECF No. 240-7.)  Defendant has admitted that the Court can take judicial notice of an order from another court.  Thus, the Court finds that it is permitted to take judicial notice of the total amount owed on the judgment, including pre-judgment and post-judgment interest and costs.

Therefore, the only question remaining is what amount is owed on the judgment. Plaintiff contends that the Martins are owed $3,437,919.10 on the judgment.  (ECF No.

218-1.) Defendant takes issue with a number of different aspects of Plaintiff's calculations. (ECF No. 240.) The Court will address each of these points below.

Defendant first argues that Plaintiff's calculation of the amount owed on the judgment is incorrect because the Martins "forfeited their claim for prejudgment interest as a matter of law." (ECF No. 240 at 5.) The only authority cited by Defendant in support of this argument is Colorado Rule of Civil Procedure 59(a), which permits a party to move to amend a judgment within fourteen days of the entry of such judgment. Defendant contends that, under this Rule, the Martins should have moved the Court to "liquidate an amount of prejudgment interest." (*Id.*) Defendant cites no authority for its assertion that the Martins were required to "liquidate" their award of prejudgment interest and the Court has been unable to locate any such requirement under Colorado law. The trial court's judgment plainly awards pre-judgment interest to the Martins, and therefore, despite Defendant's assertion to the contrary, they were not required to move to amend the judgment to include a particular dollar amount in order to preserve their right to collect such award.

Defendant next argues that Plaintiff's calculation of post-judgment interest (for the period from October 21, 2009 until November 20, 2009) is incorrect because it fails to give Defendant credit for its $100,000 payment. (ECF No. 240 at 7.) The Court agrees. The Court will re-calculate the amount of post-judgment interest and give Defendant the credit for its post-verdict payment of the policy limit.

Defendant does not dispute the methodology utilized by Plaintiff to calculate interest and, therefore, the Court will employ the same equations. The Court calculates the amount owed by Sherri Lauk on the October 30, 2009 judgment as follows:

| | |
|---|---:|
| Jury Award | $3,087,500.00 |
| Simple Interest[1] (8/24/08-10/20/08) | + $43,394.18 |
| Award with Simple Interest | $3,130,894.18 |
| Compound Interest[2] (10/21/08-10/20/09) | + $281,780.48 |
| Award with Simple & Compound Interest | $3,412,674.66 |
| Payment on judgment | -  $100,000 |
| Total Owed as of 10/20/09 | $3,312,674.66 |
| Post-judgment Interest[3] (10/21/09-11/20/09) | + $27,504.72 |
| Costs | + $128,073.14 |
| Total Owed to Date | $3,468,252.52 |

Based on these calculations, the Court will instruct the jury that the Martins are owed $3,468,252.52 on the judgment entered by the state court.

With regard to Plaintiff's proposed jury instructions, the Court reserves ruling. The Court is cognizant of the need to instruct the jury on the amount of damages

---

[1] The Court calculated the interest owed during this period by multiplying the amount of the verdict ($3,087,500) by the statutory interest rate (9%) and dividing that result by 365 to get the amount of interest accumulated per day of $761.30. The Court then multiplied the daily interest ($761.30) by number of days between August 24, 2008 and October 20, 2008 (57).

[2] The Court calculated the interest owed for this period by multiplying the amount of the award with simple interest ($3,130,894.18) by the statutory interest rate (9%).

[3] The Court calculated the post-judgment interest owed by multiplying the amount owed on the judgment as of 10/20/09 ($3,312,674.66) times the statutory interest rate (9%) and dividing that result by 365 to arrive at the amount of interest accumulated each of day $816.82. The Court then multiplied the daily interest ($816.82) times 30 days (the number of days between October 21, 2009 and November 20, 2009).

4

suffered by the Martins, as determined by the jury in the underlying action. The Court is also cognizant of its prior ruling that the jury's award is only the amount of damages to the Martins as a result of the accident, and that Plaintiff in this case is required to prove what portion of those damages were caused by Defendant's bad faith. The Court will address both of these issues in its final jury instructions.

Accordingly, for the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Request for Judicial Notice and Instructions Thereon (ECF No. 218) is GRANTED IN PART;

2. The Court will instruct the jury that the amount owed to the Martins by Ms. Lauk's bankruptcy estate on the October 30, 2009 judgment is $3,468,252.52;

3. The Court reserves ruling on the specific language of the instructions that it will give to the jurors on how they are to consider this verdict.

Dated this 26th day of August, 2013.

BY THE COURT:

William J. Martinez
United States District Judge